**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4875

ANTONIO WILLIAMS, a/k/a Pig,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4048

ANTONIO WILLIAMS, a/k/a Pig,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge;
Charles E. Simons, Jr., Senior District Judge.
(CR-97-367-DWS, CR-91-312)

Submitted: June 23, 1998

Decided: September 1, 1998

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Williams pled guilty to distribution of and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). On October 26, 1997, the district court sentenced Williams to imprisonment for 108 months, followed by supervised release for five years. At the time Williams committed the underlying conduct giving rise to his conviction he was serving a four year term of supervised release for a 1992 drug conviction. Accordingly, on January 5, 1998, the district court held a supervised release violation hearing during which Williams admitted that he had violated a condition of his release. The district court revoked Williams' supervised release and sentenced him to fifteen months' imprisonment to run consecutive to his 108 month sentence. Williams appeals these sentences. His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Williams' guilty plea and whether the court properly imposed Williams' sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious grounds for appeal. Williams was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Williams contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. "In reviewing the ade-

2

quacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. See id. at 117. As a result, this Court may vacate a conviction resulting from a guilty "plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights." Id.

The district court conducted a thorough hearing, ensuring that Williams understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, the impact of the sentencing guidelines, and the effect of the plea agreement. Further, the court ascertained that Williams' plea was voluntary and that a factual basis existed for his plea. We find that the district court fully complied with Rule 11 and that this claim is without merit. See id. at 116-17.

Williams' attorney next raises as a potential claim that the district court erred in determining the amount of drugs attributable to Williams for sentencing purposes. However, Williams' failure to object during sentencing amounts to a waiver of his right to raise that issue on appeal absent plain error. See United States v. Ford, 88 F.3d 1350, 1355 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S., Nov. 18, 1996) (No. 96-6379). We find no plain error in the record warranting review of Williams' sentence.

In accordance with Anders, we have examined the entire record in these cases and find no reversible error. We therefore affirm Williams' sentences. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process.

AFFIRMED

3